IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SHENIA R. LOCKETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES ) <br> ) <br> Defendant. ) | Civil Action No.: <br> CV-2014-_____.00 |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This case arises out of the Defendants' deceitful and unfair actions related to its efforts to collect an alleged consumer debt from the Plaintiff.

2. Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA"), and constituted tortious conduct according the laws of the State of Alabama.

### PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and is over nineteen years of age.

4. Defendant is a foreign corporate entity engaged in the business of collecting debts in this state, with its principal places of business located at 140 Corporate Boulevard, Norfolk, Virginia, 23502.

5. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

6. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

8. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

9. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

10. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt allegedly owed on a Wal-Mart Credit Card.

11. On or about October 28, 2013, the Defendant filed a lawsuit in the Small Claims Court of Mobile County, alleging that the Plaintiff was in default for the amount of $835, and demanding judgment for that amount, plus court costs.

12. These allegations were not true and the Plaintiff denied them.

13. The Plaintiff is a working mother with low income and is financially and legally unsophisticated.

14. The Plaintiff contacted the South Alabama Volunteer Lawyers Program seeking advice on the defense against this debt.

15. The case was referred to an attorney on their panel and that attorney appeared at trial on the Plaintiff's behalf.

16. At trial, that attorney was informed that the Defendant had decided to dismiss the lawsuit with prejudice.

17. The counsel for both parties at that court date announced to the court that the case should be dismissed with prejudice.

18. The lawsuit was in fact dismissed with prejudice.

19. On or about April 10, 2014, the Defendant telephoned the Plaintiff seeking to collect on the same alleged debt.

20. The Plaintiff reminded the Defendant that the matter had been heard and decided by the Small Claims Court already.

21. The Defendant persisted in its attempt to collect money from the Plaintiff,

despite the fact that it knew that Plaintiff owed it no money and that Plaintiff was represented by an attorney with respect to that debt.

22. The agents made a number of false statements to the Plaintiff, including but not limited to:

   (a) Stating that the Defendant had the right to continue seeking collection for the debt, even after a court of competent jurisdiction had already dismissed with prejudice the Defendant's suit for the same debt;

   (b) Stating that it had the right to collect the debt, when in fact it did not.

23. All of the above statements were in violation of 15 U.S.C. §1692e.

24. Despite knowing that the Plaintiff was represented by an attorney, the Defendant contacted the Plaintiff directly by telephone on or about April 10, 2014 in violation of 15 U.S.C. §1692c(a)(2).

25. As a result of the Defendant's various misrepresentations, the Plaintiffs reasonably feared that her personal belongings were in jeopardy.

26. Defendant knows that false threats of legal action are illegal.

27. Nonetheless, Defendant deliberately or recklessly disregarded the requirements of the law.

28. It is a regular tactic of Defendant and its agents to put such severe pressure on people that they will, acting out of fear, send money to the Defendant to avoid the cost, embarrassment, and stress of a nonexistent lawsuit.

29. As a result of Defendant's unlawful conduct, the Plaintiff suffered needless anxiety, nervousness, embarrassment, loss of sleep, and lost work productivity.

30. Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the Act, Plaintiff's actual damages, statutory damages, court costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

## SECOND CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES

31. Alabama Code §8-19-5(25) prohibits the use of telephone communication to engage in a "systematic, ongoing course of conduct with the specific intent to defraud one or more persons in order to obtain property from that person by a telephone communication."

32. Defendant told the Plaintiff that even though its lawsuit had been dismissed, it still had the right to seek payment from the Plaintiff.

33. Defendant's telephone communication was an attempt to deceive the Plaintiff into paying hundreds of dollars that she did not have.

34. Defendant knew that Plaintiff was a vulnerable person in precarious financial condition, and the purpose of its deception was to obtain money from the Plaintiff.

35. According to Alabama Code §8-19-10(a) the Defendant is liable the Plaintiff for treble damages and attorneys' fees as a result of Defendant's violations of the Unlawful Trade Practices Act.

36. Plaintiff incorporates by reference the paragraphs above.

37. Defendant's representation that Plaintiff was required to supply her bank account information in order to avoid having her home invaded was false.

38. Plaintiff, in reliance upon this representation, closed her bank account, an action which caused her damage.

39. Defendant knew that its representations were false, and made them in order to trick Plaintiff into paying them money.

40. Ala. Code §§ 6-5-100 and 6-5-104 recognize causes of action for fraud and deceit, respectively.

41. This misrepresentation was fraudulent, for which the Defendant is liable to the Plaintiff for actual and punitive damages.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

1. Actual damages arising from the Defendant's fraud and violations of the Fair Debt Collection Practices Act;
2. Statutory damages of One Thousand Dollars ($1000) for each of Defendant's violations of the Fair Debt Collection Practices Act;
3. Treble damages for Defendant's violations of the Alabama Unlawful Trade Practices Act;
4. Costs and reasonable attorneys fees incurred in bringing this action;
5. **A trial before a struck jury;**
6. For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 10th Day of April, 2014.

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com